Littleton, Judge,
delivered the opinion of the court:
The facts in this case show that in September 1936 plaintiff was on annual leave for a stated period to be terminated by resumption of duty at his official station, Washington, D. C., on September 28, 1936. Prior to September 21, 1936, plaintiff, while on leave, went with a party of two other men on an automobile tour in the West in a car belonging to a member of the party other than plaintiff. On September 21,1936, while enroute to Washington, D. C., from Los Angeles, Cali *579 fornia, plaintiff was ordered and directed by the Chief Counsel of the Interstate Commerce Commission to leave the automobile party at Tulsa, Oklahoma, proceed to Kansas City, Missouri, and appear as attorney for the Interstate Commerce Commission at a hearing in the United States District Court on September 28,1936. The party with whom plaintiff was returning to Washington reached Tulsa September 22 and was obliged to continue on the return trip to Washington the following morning in order that the owner of the car and the third member of the party might comply with the terms of their annual leave.
Before leaving Washington on the automobile trip west, plaintiff had agreed to pay his full portion of the expenses of the automobile throughout the whole trip to the West and return, and had, in fact, already paid his contribution for the operation of the car over the entire trip from Washington and returning. The route which had been arranged and which the owner of the car elected to follow from Tulsa, Oklahoma, was not by way of Kansas City but by Little Rock, Arkansas, and Memphis, Tennessee — a more direct and economical route to Washington, D. C.
Pursuant to the orders of the chief counsel of the Interstate Commerce Commission, plaintiff left the automobile party at Tulsa and proceeded by rail to Kansas City, Missouri, attended to the official duty assigned to him at that point, and thence continued, by rail, from Kansas City to Washington, D. C., at which point he arrived on September 30, 1936.
The expenses and subsistence allowances of plaintiff during the period September 23 to September 30,1936, inclusive, in traveling from Tulsa, Oklahoma, to Washington, D. C., via Kansas City, Missouri, and in performing his official duties at Kansas City, amounted to $39.50. The defendant’s counterclaim of $23.39 represents the difference between the total cost of transportation of $49.39 paid by the Government on transportation vouchers for plaintiff’s travel from Tulsa, Oklahoma, via Kansas City, Missouri, to Washington, D. C., and $26, representing plaintiff’s subsistence per diem and other expenses while at Kansas City, Missouri.
*580 The two items of subsistence and traveling expenses, in the amounts of $19.25 and $33.40, for travel while on official business during the period November 12 to November 16, 1936, inclusive, and November 27 to December 3, 1936, inclusive, for which judgment is also asked, were not specifically denied by the Comptroller General prior to institution of this suit but allowance and payment thereof had been withheld by the Comptroller General for more than a year prior to the filing of the petition herein. Since the filing of the petition, the Comptroller General has refused to take any action approving payment of these last-mentioned amounts.
Under the Act of March 14, 1936, 49 Stat. 1161, annual leave is a right granted by statute. The gist of the Comptroller General’s decision denying plaintiff reimbursement for traveling and subsistence expenses from Tulsa, Oklahoma, to Kansas City, Missouri, and from Kansas City to Washington, D. C., is that “said order of September 21 [the order of the chief counsel of the Interstate Commerce Commission directing the plaintiff to go to Kansas City and appear as counsel for the Commission] did not presume to interfere in any way as to the route of travel or kind of transportation to be used by plaintiff in returning himself to his headquarters.” The terms of the order of September 21 from the chief counsel of the Interstate Commerce Commission to plaintiff were clearly designed, intended, and had the effect of terminating plaintiff’s leave and placing him on official duty, and interfering with plaintiff’s route of travel, kind of transportation, and time of movement from the point at which such order was received to Washington, D. C. The testimony of the chief counsel of the Interstate Commerce Commission shows that he knew that plaintiff was on leave, that he knew of plaintiff’s route, manner of travel, and time of movement on the trip West and his return to Washington while on leave, and that plaintiff did pay his proportion of the operating expenses of the automobile over the entire trip from Washington and returning; and he further knew that the order directing plaintiff to leave the automobile party and proceed to Kansas City on official business would interfere with plaintiff’s route, manner of *581 travel, and time of travel from Tulsa, Oklahoma, to Washington, D. C. In addition to the above the chief counsel testified as follows:
I did not expect that he would be able to hold the automobile and the party until after the hearing in Kansas City on September 28th, and, had I thought that he would have been required to pay his expenses of travel by railroad from Tulsa via Kansas City to Washington, I would not have ordered him to attend the hearing. In such case I would probably have sent another member of my force from Washington to Kansas City, at a cost to the Government considerably in excess of that incurred by Mr. Thomas in his travel by rail from Tulsa to Kansas City and thence to Washington. It was my understanding that, since this hearing occurred subsequent to the completion of his leave as originally contemplated and would deprive him of his automobile transportation to Washington, the Government would bear said expense just as it would have done had circumstances permitted him to return to Washington by auto and go out to Kansas City by rail upon further direction from me.
In these circumstances, we think it is clear that plaintiff is entitled to recover and that no deduction can legally or equitably be made from his traveling and subsistence expenses and cost of transportation.
The defendant’s counterclaim is denied, and judgment will be entered in favor of plaintiff for $92.15. It is so ordered.
Whaley, Judge; Williams, Judge; Gkeen, Judge; and Booth, Chief Justice, concur.